IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HUGO HERNANDEZ, § | | |
| TDCJ #1148529, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. G-07-0098 |
| § | | |
| ALFRED PAIGE, § | | |
| § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

State inmate Hugo Hernandez (TDCJ #1148529, former TDCJ #888161) has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Hernandez has provided a more definite statement of his claims. (Doc. # 15). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

## I. BACKGROUND

Hernandez sues a police detective for an incident that occurred at the Galveston County Jail in January of 2007. In particular, Hernandez sues Detective Alfred Paige of the Galveston City Police Department. Hernandez claims that, while he was in custody at the Galveston County Jail, Paige wrongfully took a swab of his saliva for purposes of DNA

---

[1] On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

testing, without his consent, without a proper warrant, and without his counsel being present. Hernandez explains that, on December 5, 2006, he was indicted and charged with aggravated sexual assault on a disabled person and aggravated sexual assault of a child. He was arrested thereafter on December 14, 2006, and booked into the Galveston County Jail. At that time, Hernandez was on parole for a prior felony conviction for habitual theft.

Hernandez claims that Detective Paige illegally harvested his DNA by taking a swab of his saliva on January 8, 2007. In his more definite statement, Hernandez concedes that Detective Paige had a warrant for his DNA, but Hernandez insists that the warrant was invalid. Hernandez states that his defense attorney filed a motion to suppress the DNA evidence, which was used against him in connection with the pending aggravated sexual assault charges. Hernandez admits that he eventually elected to plead guilty to the aggravated sexual assault charges against him. Hernandez reports that he was convicted of those charges in the 122nd District Court of Galveston County, Texas, in cause number 06-cr-3607, on December 3, 2007, and sentenced to prison.

In his pending civil rights complaint under 42 U.S.C. § 1983, Hernandez contends that Detective Paige violated his civil rights by taking a swab of his saliva and thereby subjecting him to an "illegal arrest." Hernandez seeks $10,000,000 in compensatory damages. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure

to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

Hernandez plainly seeks monetary damages for alleged violations of his civil rights in connection with his conviction, which he claims is unlawful. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Hernandez does not allege or show that the conviction at issue has been overturned or otherwise invalidated. Because Hernandez's allegations would, if true, necessarily implicate the validity of his conviction, his civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk will provide copies to plaintiff, to the TDCJ-ID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas, 78711,  Fax: 512-936-2159,**

**and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on June 9th, 2008.

_____
Nancy F. Atlas
United States District Judge